UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50058-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING REPORT |
| vs. | ) | AND RECOMMENDATION |
| | ) | ON DEFENDANT'S MOTION |
| ALLEN WELLS, | ) | TO SUPPRESS |
| | ) | |
| Defendant. | ) | |

Defendant, Allen Wells, is charged with one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. (Docket 1). Wells moves to suppress statements made to federal and tribal law enforcement officers. (Docket 16).

The court referred the motion to suppress to Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that this court grant defendant's motion to suppress.

**STANDARD OF REVIEW**

The court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also United States v. Lothridge, 324 F.3d 599 (8th Cir. 2003); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995). 28 U.S.C. § 636(b)(1) requires that when a party objects to the report and recommendation of a magistrate judge concerning a dispositive

matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b).  After a de novo review of the magistrate judge's report and recommendation and a review of the record, the court adopts the report and recommendation of the magistrate judge.

## DISCUSSION

**I.    April 25, 2008 Statements.**

Wells objects to the magistrate judge's conclusion that his post-Miranda statements on April 25, 2008, were not made subsequent to a voluntary, knowing, and intelligent waiver of his Miranda rights.  Wells claims he was in custody and thought he had no choice but to speak to law enforcement.  From a review of the transcript, however, it is evident that Wells was fully advised of his Miranda rights, including his right to remain silent.

He claims he was not adequately tested and that the government is therefore unable to show that he was not subject to some physical or mental impairment that affected his ability to communicate.  Before Wells was questioned, however, he denied drinking alcohol and his preliminary breath test registered zero.  Furthermore, there is no evidence of coercion, threats, or promises made by Officer Lone Hill that would invalidate the voluntariness of Wells' Miranda warning.  Wells' outward physical appearance was normal, his

2

speech was unaffected, no odors of inhalants or marijuana were observed by Officer Lone Hill, and Wells appeared to be fully coherent and tracking.

Wells claims that he was not warned that he could face federal felony charges with a ten-year imprisonment sentence. Because the advisement of rights given in this case covered everything required by Miranda, the court finds that it was sufficient. Thai v. Mapes, 412 F.3d 970, 977 (8th Cir. 2005).

Wells argues that his questioning was spearheaded by law enforcement and that he was in custody while being questioned. While it is true that Wells was subjected to a custodial interrogation, because he received his Miranda warnings prior to the commencement of that interrogation, Wells' objections do not support suppression of his post-Miranda statements on April 25, 2008. Thus, his objections are overruled.

**II.     May 5, 2008 Statements.**

Wells contends that his interrogation on May 5, 2008, should be suppressed because it was the functional equivalent of a custodial interrogation and he was not advised of his Miranda rights prior to this questioning by FBI Agent Sherry Rice. The court must examine the totality of the circumstances when determining whether a suspect reasonably believed himself to be in custody. United States v. Carter, 884 F.2d 368, 370 (8th Cir. 1989). The test is one of objective reasonableness judged from the point of view of the suspect. Berkemer v. McCarty, 468 U.S. 420, 442 (1984). Six nonexclusive factors have

3

been considered by the courts under the totality of the circumstances test: (1) whether the suspect was informed that he was free to leave and that answering the interrogator's questions was voluntary; (2) whether the suspect possessed freedom of movement during the interrogation; (3) whether the suspect initiated contact with the interrogator or voluntarily acquiesced to the interrogation; (4) whether the interrogator employed strong-arm tactics or strategies; (5) whether the atmosphere of the interrogation was dominated by the police; and (6) whether the suspect was arrested at the close of the interrogation. <u>United States v. Griffin</u>, 922 F.2d 1343, 1348 (8th Cir. 1990).

     Wells contends that he was ordered into the patrol car and was not free to leave.  The evidence indicates, however, that he consented to being interviewed in the agent's vehicle for privacy reasons because other people were at his home.  He was specifically instructed that he was not under arrest and that he was free to end the interview at any time.  Furthermore, the door on the passenger side of the agent's vehicle remained open throughout the interview and the vehicle was parked in plain view of Wells' home.  From the viewpoint of Wells, the fact that the door was open throughout the interview would have implied that he was free to leave at any time.

     Wells also contends that his detention in the vehicle was unnecessarily long.  The length of the interview, however, was only 40 minutes.  The court disagrees that 40 minutes was an unnecessarily long period of time.

4

Wells also claims that he was the focus of the investigation, that the questioning was spearheaded by law enforcement, and that the interview was started and dominated by law enforcement. Whether a suspect was the focus of an investigation when an interrogation takes place is of little significance unless that fact was communicated to the suspect and contributed to the suspect's reasonable conclusion of not being free to go. Griffin, 922 F2d. At 1348. There is no indication that such information was communicated to Wells. Furthermore, the evidence indicates that Agent Rice asked open ended questions to Wells to hear his description of what happened. Her voice was not raised in anger. Furthermore, Wells was not arrested at the end of the interview.

Wells also contends that he was not told that the questioning was voluntary nor was he advised of his Miranda warnings. The evidence indicates that Wells was advised that he did not have to talk to Agent Rice and that he was free to terminate the interview at any time. After considering the totality of all the circumstance, the court finds that Wells was not in custody during the interview with Agent Rice, and thus, Agent Rice was not required to advise Wells of his Miranda rights prior to questioning him.

Based on the foregoing, it is hereby

ORDERED that the court adopts in full the Report and Recommendation of the Magistrate Judge (Docket 22) as supplemented herein and, therefore, defendant's motion to suppress (Docket17) is denied.

Dated November 3, 2008.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE